IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Mohammed Popal,

       Plaintiff,

v.                                                       Civil Action No. 1:07CV738A

United States of America,

       Defendant.

MEMORANDUM REGARDING PAIN AND SUFFERING

COMES NOW Plaintiff, by Counsel, and states as follows concerning his contention that pain and suffering is an issue in this case:

I.     Background

At an April 11, 2008 hearing this Court stated that Zaczek v. Fauquier County, 764 F. Supp. 1071 (E.D.V.A. 1991) gave the Court authority to dismiss where there had been a violation of its discovery order even where there had been no prayer for relief. The Court cited Rule 26(a)(1) and (3) concerning the need for a computation of each category of damages and Rule 37(c) regarding failure to supplement discovery.

II.    Pain and suffering

The Fourth Circuit has held that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; the importance of the evidence; and (5) the nondisclosing party's

explanation for its failure to disclose the evidence.  <u>Southern States Rack & Fixture v. Sherwin-Williams</u>, 318 F.3d 592, 597 (4th Cir. 2003).  Bad faith might be relevant for the fifth factor.  <u>Id</u>. at 598.

In the instant case there is no surprise to the United States that evidence of pain and suffering would be offered.  The complaint clearly states in numbered paragraph 15 of Count I (Negligence) that "plaintiff suffered and continues to suffer the following injuries' and then list fifteen types of injuries.  The issue of the plaintiff's pain and suffering was addressed extensively in the depositions of Mohammad Popal, Dr. Eric Dawson and Dr. John Bruno.  All medical records "concerning symptoms or other difficulties that you assert arose out of the allegations contained in your complaint" were provided in answer to the defendant's first set of interrogatories (numbers 3 and 4).  Mr. Popal went to two independent medical examinations so Defendant's experts could determine the extent of his injuries, including past and present pain and suffering.

There is no prejudice to the United States and no need to cure the surprise.  There are no new witnesses or documents to examine.  Its experts have examined Mr. Popal and one has prepared a report and is prepared to testify at trial concerning the extent of Mr. Popal's injuries, including his pain and suffering from his gunshot wound.

The evidence of pain and suffering would not disrupt the trial.  There is no need for further investigation.  There is no need to find and employ new experts and witnesses.  The experts at trial already have determined the extent of Mr. Popal's injuries, including pain and suffering.

The evidence is important to Mr. Popal.  The United States cannot argue that it was unprepared to address the fact that gunshot wounds cause pain and suffering.  The United

States Attorney's Office is responsible for prosecuting violation of federal gun laws and crimes of violence.

Plaintiff submits that he provided the United States with every piece of evidence relevant to his case. The United States availed itself of the opportunity to come to Counsel for Plaintiff's office and examine every document in the file. All requested documents were provided. Multiple depositions of Mr. Popal occurred. Plaintiff's witnesses and experts were deposed.

All discovery documents from the Fairfax Circuit Court case were provided and incorporated into the federal case by agreement. Free and open discussion between the attorneys occurred. Discovery was supplemented and Mr. Popal authorized access to his IRS records.

Regarding Rule 26(a)(1)(A)(iii)—pain and suffering is merely one of several factors to be considered by the trier of fact in determining an award of damages. See 1 Model Jury Inst. Comm., Virginia Model Jury Instructions, Civil, Ins. No. 9.000 (2007). Roark v. United States, 456 F. Supp 739, 742-43 (W.D. Va. 2006). Pain and suffering is not capable of precise formulation and traditionally has been considered as a multiple of medical damages, which are capable of exact computation and were provided. All documents or other evidentiary material, including materials bearing on the nature and extent of injuries suffered, were provided. Finally, any number provided by any plaintiff for pain and suffering would be inherently speculative.

WHEREFORE, Plaintiff prays that the Court rule that evidence of his pain and suffering may be presented.

        Respectfully Submitted,

        Mohammed Popal
        By Counsel

_____/S/_____
Harvey J. Volzer
VSB 24455
Attorney for Mohammed Popal
Shaughnessy, Volzer & Gagner, P.C.
216 S Patrick Street
Alexandria, VA  22314
Phone: (703) 549-0446
Fax: (703) 549-0449
volzer@svg-law.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of April, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Dennis C. Barghann, Jr.
        Assistant United States Attorney
        Office of the United States Attorney
        2100 Jamieson Avenue
        Alexandria, VA  22314

        Michael J. Sgarlat, Esquire
        801 N Pitt Street, Suite 109
        Alexandria, VA  22314

        _____/S/_____
        Harvey J. Volzer
        VSB 24455
        Attorney for Mohammed Popal
        Shaughnessy, Volzer & Gagner, P.C.
        216 S Patrick Street
        Alexandria, VA  22314
        Phone: (703) 549-0446
        Fax: (703) 549-0449

volzer@svg-law.com